CARLTON, J.,
Dissenting:
¶ 32. I disagree with the majority’s finding that the Board’s decision was arbitrary and capricious. In light of our limited review of zoning matters, I find that the Board’s decision to re-zone is supported by substantial evidence and would affirm the decision of the Hancock County Circuit Court upholding the Board’s decision to re-zone the subject property. Accordingly, I respectfully dissent.
¶ 33. Mississippi law recognizes that matters of zoning and re-zoning are legislative functions which the courts of our State are without authority to disturb where the decision is “fairly debatable.” Briarwood, Inc. v. City of Clarksdale, 766 So.2d 73, 80 (¶¶ 30-31) (Miss.2000) (citations omitted). I find that the Planning Commission’s findings and the Board’s decision are fairly debatable and supported by credible evidence showing changed conditions sufficient to warrant the zoning change of the property in question.
¶ 34. The changes noted by the Board were expressed at the April 5, 2005, planning meeting and indicated the presence of increasing blight and a change of character due to increased development pressures. As to increased blight, the “Quality of Life” document depicted the deteriorated condition of the subject property and represented a regression in the area since the zoning ordinance was initially adopted. Also, before the Board was a document presented entitled “Visions for Improvement in Clement Harbor” which identified a problem with the infrastructure of the area. Specifically, the document stated that “two car cars can’t pass each other on most streets.” The majority takes issue with the fact that the document lacks comparable evidence demonstrating the condition of the property at the time of the original zoning. However, I find that the Board’s personal knowledge and familiarity of the area in question provides a basis to compare the present condition of the property with the condition existing at the time of the initial zoning. See generally Faircloth v. Lyles, 592 So.2d 941, 943 (Miss.1991) (“In determining the factual issues in rezoning, the Board could consider not only the information obtained at the hearing but also their own common knowledge and the familiarity with the ordinance area.”). Therefore, I find a sufficient basis from which the Board concluded that the area had suffered increased blight since the original zoning.
¶ 35. Regarding a change in the character due to increased development pressures, the Planning Commission’s findings, as adopted by the Board, specifically found that “the trend of development in the general area of the property in question calls for more Commercial Resort uses to support the commercial and recreational uses, which will develop in conjunction with the *871 Bayou Caddy Casino and new sand beach adjacent thereto.” As acknowledged by the majority, increasing development pressures may provide a basis to show a change in the character of a neighborhood sufficient to warrant a change in zoning. Briarwood, 766 So.2d at 81(¶ 33). The majority concludes that the evidence of increasing development pressure in the instant case is insufficient. However, I find to the contrary. It is clear from the record that the Board was well aware of the new Bayou Caddy Casino resort development and of the increased interest in development of the subject area collateral thereto. Accordingly, I find sufficient evidence to support the Board’s finding of a change in the character of the subject property due to increased development pressures.
¶ 36. I find substantial evidence supported the Board’s decision.[3] Their decision was reached through a thoughtful process involving public hearings, and recommendations of the Planning Commission. The Board’s determination was not made in a whimsical manner or without reason; rather, it was made in accordance with procedures established to ensure the measured consideration of such matters. In light of the foregoing, I find that the Board’s decision to re-zone the subject property was at worst fairly debatable and not arbitrary or capricious. I would affirm the Circuit Court and uphold the decision of the Board.
LEE, P.J., GRIFFIS AND ISHEE, JJ., JOIN THIS OPINION.

. I find substantial evidence to support the board’s decision with respect to the matters presented to the Board and the Planning Commission. I further take judicial notice that since this dispute had arisen, the devastation of Hurricane Katrina hit our Gulf Coast. However, evidence of the impact of this national natural disaster was not presented by either party and therefore does not provide the basis for my position in this case.